**In Re: Neng Nhia Yi LY, Petitioner,**

v.

**Viviane HEU, Respondent.**

**No. CIV.A.03–3415DSD/SRN.**

United States District Court,
D. Minnesota.

Dec. 18, 2003.

---

**1010**

Patrick H. Stiehm, Esq., Stiehm Law Office, Alexandria, VA, counsel for petitioner.

Margaret J. Gustafson, Esq., Baker Court, St. Paul, MN, counsel for respondent.

## ORDER

DOTY, District Judge.

This matter is before the court upon petitioner's motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the judgment to enforce petitioner's right of access to his daughter, Sandie Nhia Yi Ly. Because the court finds that it lacks jurisdiction to grant the requested relief, petitioner's motion is denied.

## BACKGROUND

This is an action for the return of Sandie Nhia Yi Ly, a minor child, brought by Sandie's father under the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601–11610. Following a bench trial, the court announced its findings of fact and conclusions of law in an order dated December 1, 2003. The court held that, although petitioner had proved that respondent wrongfully removed Sandie from France, respondent had demonstrated by a preponderance of the evidence that Sandie was settled in her new environment in the United States within the meaning of Article 12 of the Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 ("Hague Convention"). Accordingly, the court directed that judgment be entered in favor of the respondent and that the child not be returned to France.

Petitioner now moves to alter or amend the court's judgment to order that petitioner be allowed to visit with Sandie "via phone, letters, and visits as well as other parental access that is normal for the noncustodial parent." (Mot. Alter or Amend J. at 1.)

## DISCUSSION

Few federal courts have had occasion to examine the question whether federal jurisdiction over proceedings under the Hague Convention includes power to issue orders to secure access rights. The consensus among those that have considered the issue is that such jurisdiction does not exist. *See Wiggill v. Janicki,* 262 F.Supp.2d 687 (S.D.W.Va.2003); *Fernandez v. Yeager,* 121 F.Supp.2d 1118 (W.D.Mich.2000); *Bromley v. Bromley,* 30 F.Supp.2d 857 (E.D.Pa.1998).

ICARA provides that "the United States shall have concurrent original jurisdiction of actions arising under the Convention." 42 U.S.C. § 11603(a). There is, however, reason to doubt that the Convention provides a judicial remedy for violations of a parent's visitation rights. Article 12 of the Convention, which addresses procedures to effectuate the return of a wrongfully removed child, specifically refers to action by the "judicial or administrative authority" of a member nation. *See* Hague Convention, art. 12. In contrast, Article 21 of the Convention, which deals with "organizing or securing the effective exercise of rights of access" to a child, makes no mention of recourse to a judicial authority. Hague Convention, art. 21. Rather, a parent must apply to the

"Central Authorit[y]" of a nation to secure enforcement of his or her rights of access. *See id.* The "central authority" for the United States is the United States Department of State. *See* Exec. Order No. 12,648, 53 Fed.Reg. 30,637 (Aug. 11, 1988).

■ The lack of parallelism between Article 12 and Article 21 has led the district courts that have considered the issue to conclude that the Convention creates no judicial power to enforce rights of access. *See Wiggill,* 262 F.Supp.2d at 690; *Fernandez,* 121 F.Supp.2d at 1126; *Bromley,* 30 F.Supp.2d at 860. Petitioner disagrees, citing orders the court issued granting petitioner access to Sandie during the pendency of his petition for her return to France. Petitioner's argument, however, is based on a misunderstanding of the source of power for the court's interlocutory visitation orders.

Section 11604 of ICARA provides courts broad authority to issue appropriate orders "to protect the well-being of the child involved" in Hague Convention proceedings. 42 U.S.C. § 11604(a). Such authority exists only while the court is exercising jurisdiction over an action properly brought under section 11603(b) of the Act. *See id.*

This court, recognizing the possibility that it might be compelled to return Sandie to France, believed it necessary to her well-being that she have some limited contact with petitioner. Evidence before the court suggested that Sandie had little memory of petitioner or her previous life in France. Therefore, pursuant to section 11604(a) of ICARA, the court fashioned orders to facilitate Sandie's reintroduction to her father and to ameliorate what could have been a significant shock to Sandie had petitioner prevailed on the merits.

However, now that judgment has been entered in favor of respondent, the court is no longer "exercising jurisdiction of an action brought under section 11603(b)."

42 U.S.C. § 11604(a). Therefore, the authority the court previously had to fashion provisional remedies under section 11604 no longer exists. Further, the court agrees with the conclusions of *Wiggill, Bromley* and *Fernandez* that federal courts lack jurisdiction to issue final orders under the Convention to secure rights of access.

Accordingly, **IT IS HEREBY ORDERED** that petitioner's motion to alter or amend judgment [Docket No. 49] is denied.